## TABLE OF CONTENTS

Exhibit 1 (State Court Complaint) ...........................................................................Page 3
Exhibit 2 (Declaration of Kathryn Kolanda) .........................................................Page 18



**CORPORATION SERVICE COMPANY***

## Notice of Service of Process

SBR / ALL
Transmittal Number: 8810380
Date Processed: 06/10/2011

| | |
|---|---|
| Primary Contact: | Kathryn Kolanda -11th Floor<br>Louis Vuitton North America, Inc.<br>1 East 57th Street<br>Floor 10th<br>New York, NY 10022 |

| | |
|---|---|
| Entity: | Louis Vuitton North America, Inc.<br>Entity ID Number  1579747 |
| Entity Served: | Louis Vuitton North America, Inc. |
| Title of Action: | Deanna Morey vs. Louis Vitton North America, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court/Agency: | San Diego County Superior Court, California |
| Case/Reference No: | 37-2011-00091660-CU-PO-CTL |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/09/2011 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Gene J. Stonebarger<br>916-235-7140 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SAN DIEGO SUPERIOR COURT

**FILED**

Date MAY 23 2011

Clerk of the Court

By UR
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOUIS VUITTON NORTH AMERICA, INC., a Delaware Corporation;
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DEANNA MOREY, an individual, on behalf of herself and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>37-2011-00091660-CU-PO-CTL |
|---|---|

San Diego County Superior Court
Civil Division
330 W. Broadway, Room 225
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gene J. Stonebarger, Esq. STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145, Folsom, CA 95630
Tel: (916) 235-7140 Fax: (916) 235-7141

| DATE:<br>*(Fecha)* | MAY 23 2011 | Clerk, by<br>*(Secretario)* | M. Reyes | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Louis Vuitton North America Inc. a Delaware Corporations

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name,* Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gene J. Stonebarger (SBN: 209... ) Richard D. Lambert (SBN: 251148) STONEBARGER LAW, APC 75 Iron Point Circle, Suite 145, Folsom, CA 95630 TELEPHONE NO.: (916) 235-7140    FAX NO.: (916)-235-7141 | 2011 MAY 20  PM 12: 08 |

ATTORNEY FOR *(Name):*  Plaintiff DEANNA MOREY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS:  330 W. Broadway, Room 225
MAILING ADDRESS:
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:

CASE NAME: DEANNA MOREY, et al., v. LOUIS VUITTON NORTH AMERICA, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2011-00091660-CU-PO-CTL |
|---|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | JUDGE: DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☒ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigatio (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 1
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 17, 2011
Richard D. Lambert
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

1  Gene J. Stonebarger, State Bar No. 209461
2  Richard D. Lambert, State Bar No. 251148
   STONEBARGER LAW
3  A Professional Corporation
   75 Iron Point Circle, Suite 145
4  Folsom, CA 95630
   Telephone (916) 235-7140
5  Facsimile (916) 235-7141

6  Attorneys for Plaintiff and the Class

7

8

9              SUPERIOR COURT OF CALIFORNIA

10               COUNTY OF SAN DIEGO

11 DEANNA MOREY, an individual, on      ) CASE NO.: 37-2011-00091660-CU-PO-CTL
   behalf of herself and all others similarly )
12 situated,                            ) CLASS ACTION
                                        )
13              Plaintiff,              ) COMPLAINT FOR VIOLATIONS OF
                                        ) CALIFORNIA CIVIL CODE § 1747.08
14        vs.                           )
                                        )
15 LOUIS VUITTON NORTH AMERICA, INC.,   )
   a Delaware Corporation, and DOES 1 through )
16 50, inclusive,                       )
                                        )
17              Defendants.             )

18

19      Plaintiff Deanna Morey, on behalf of herself and all others similarly situated, complains

20 and alleges upon information and belief based, among other things, upon the investigation made

21 by Plaintiff by and through her attorneys, as follows:

22 I.    **INTRODUCTION**

23      1.    California Civil Code section 1747.08 generally states that when a merchant is

24 engaged in a retail transaction with a customer, the merchant may neither (1) request personal

25 identification information from a customer paying for goods with a credit card, and then record

26 that personal identification information upon the credit card transaction form or otherwise; nor

27 (2) require as a condition to accepting the credit card as payment the cardholder to provide the

28 customer's personal identification information which the retailer causes to be written, or

                                1
                     CLASS ACTION COMPLAINT

1    otherwise records upon the credit card transaction form or otherwise.[1]

2        2.      Defendant operates retail stores under the name Louis Vuitton throughout the

3    United States, including California. Defendant is engaging in a pattern of unlawful and

4    deceptive business practices by utilizing an "Information Capture Policy" whereby Defendant's

5    cashiers both request and record personal identification information, in the form of home

6    addresses, telephone numbers and credit card numbers from customers using credit cards at the

7    point-of-sale in Defendant's retail establishments. Defendant's acts and practices as herein

8    alleged were at all times intentional.

9        3.      On information and belief, Defendant uses the addresses, telephone numbers and

10    additional information obtained from its customers' credit cards, including names and credit card

11    numbers (or portions thereof) to acquire and/or maintain consumer profiles for maintenance in its

12    database. Defendant does not disclose its intentions to its customers, and instead relies on the

13    common misbelief of consumers that Defendant is the personal identification information to

14    verify cardholders' identities or register the products being purchased at the point of sale.

15    Defendant, however, is not using this information to verify cardholders' identities during credit

16    card transactions and the credit card companies do not require zip codes to complete in-person

17    "card present" credit card transactions.

18        4.      Plaintiff does not seek any relief greater than or different from the relief sought

19    for the Class of which Plaintiff is a member. If successful, this action will enforce an important

20    right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

21    pecuniary, on a large class of persons. Private enforcement is necessary and places a

22    disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

23    ///

24

25 [1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:

26 (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card

27 transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder,

28 other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

STONEBARGER LAW
A Professional Corporation

CLASS ACTION COMPLAINT

II.   **JURISDICTION AND VENUE**

5.   Plaintiff is informed and believes that Defendant's principal place of business is in New York, New York. Defendant is a registered California corporation. Defendant has accepted credit cards for the transaction of business throughout California, including the County of San Diego, which has caused both obligations and liability of Defendant to arise in the County of San Diego.

6.   The amount in controversy exceeds the jurisdictional minimum of this Court.

III.   **THE PARTIES**

A.   **Plaintiff**

7.   Plaintiff Deanna Morey (herein referred to as "Plaintiff") is a resident of California, and entered into a retail transaction with Defendant at one of Defendant's California stores located in San Diego County.

8.   Plaintiff brings this class action against Defendant, pursuant to California Code of Civil Procedure section 382, on behalf of herself and all persons from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction in California (herein referred to as the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

B.   **Defendant**

9.   Defendant Louis Vuitton North America, Inc., (herein referred to as "Defendant"), is a Delaware corporation. Plaintiff is informed and believes that Defendant's principal place of business is New York, New York. Defendant maintains its headquarters at 625 Madison Avenue, Floor 3, New York, New York, 10022. Defendant operates retail stores under the name Louis Vuitton throughout California, including stores in San Diego County.

C.   **Doe Defendants**

10.   Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore

STONEBARGER LAW
A Professional Corporation

3

CLASS ACTION COMPLAINT

1    sues these DOE Defendants by such fictitious names.  Plaintiff will seek leave of the Court to

2    amend this complaint to allege their true names and capacities when ascertained.

3        **D.    Agency/Aiding And Abetting**

4        11.    At all times herein mentioned, Defendants, and each of them, were an agent or

5    joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

6    within the course and scope of such agency.  Each Defendant had actual and/or constructive

7    knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

8    acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the

9    benefits of said wrongful acts.

10       12.    Defendants, and each of them, aided and abetted, encouraged and rendered

11   substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

12   Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and

13   substantially assist the commissions of these wrongful acts and other wrongdoings complained

14   of, each of the Defendants acted with an awareness of its primary wrongdoing and realized

15   that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful

16   goals, and wrongdoing.

17   **IV.    CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

18       **A.    Plaintiff's Contact with Defendant**

19       13.    Within the last 12 months, Plaintiff went to Defendant's retail store located in San

20   Diego County, California.

21       14.    Plaintiff entered Defendant's store and proceeded to select a product from the

22   store that Plaintiff intended to purchase.

23       15.    After selecting the item, Plaintiff proceeded to the cashiers' section of Defendant's

24   store to pay for the item selected through the use of a credit card.

25       16.    Defendant's employee saw that Plaintiff had selected products that Plaintiff

26   wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then

27   requested personal identification information from Plaintiff in the form of Plaintiff's full address

28   and telephone number, without informing Plaintiff of the consequences if Plaintiff did not

STONEBARGER LAW
A Professional Corporation

4

CLASS ACTION COMPLAINT

1 provide Defendant's employee with Plaintiff's personal identification information.

2       17.    Plaintiff, believing that she was required to provide this information to complete

3 the transaction, filled out the form provided to her, including providing her name, telephone

4 number and home address.

5       18.    Defendant's employee then accepted the form at the cash register at the checkout

6 counter adjacent to both the employee and Plaintiff.

7       19.    Defendant's employee then proceeded to inform Plaintiff of the amounts due to

8 Defendant for said product.  Plaintiff handed Defendant's employee Plaintiff's credit card, after

9 which said employee proceeded to swipe, enter, and/or record the credit card number into an

10 electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

11 At this point in the transaction, Defendant has Plaintiff's credit card number, name, address, and

12 telephone number recorded in its databases.

13       20.    Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise

14 delete Plaintiff's personal identification information from the electronic cash register or the

15 preprinted form after Plaintiff's credit card number was recorded.

16       21.    Defendant's employee and Plaintiff completed the transaction and Plaintiff left

17 Defendant's store with her purchased items.

18 **V.     PLAINTIFF'S CLASS ACTION ALLEGATIONS**

19       22.    This lawsuit is brought on behalf of an ascertainable statewide class consisting of

20 all persons in California from whom Defendant requested and recorded personal identification

21 information in conjunction with a credit card transaction (the "Class").  Excluded from the Class

22 are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity

23 in which Defendant has a controlling interest, and the legal representatives, successors or assigns

24 of any such excluded persons or entities.

25       23.    The members of the Class are so numerous that joinder of all members is

26 impracticable.  While the exact number of Class members is unknown to Plaintiff at this time,

27 such information can be ascertained through appropriate discovery, from records maintained by

28 Defendant and its agents.

STONEBARGER LAW
A Professional Corporation

5

CLASS ACTION COMPLAINT

24.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate.  Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

25.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

26.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

a.      whether each Class member engaged in a credit card transaction with Defendant;

b.      whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;

c.      whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08; and

d.      the proper amount of civil penalties to be awarded to Plaintiff and the Class.

27.     Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

28.     Plaintiff can fairly and adequately represent the interests of the Class, she has no conflicts of interest with other Class members, and has retained counsel competent and

6

CLASS ACTION COMPLAINT

STONEBARGER LAW
A Professional Corporation

1  experienced in class action and civil litigation.

2  ### CAUSE OF ACTION FOR VIOLATIONS OF
   ### CALIFORNIA CIVIL CODE § 1747.08
3  ### [SONG-BEVERLY CREDIT CARD ACT OF 1971]

4      29.    Plaintiff refers to and incorporates by reference as though set forth fully herein

5  paragraphs 1 through 28 of this Complaint.

6      30.    California Civil Code section 1747.08 prohibits any corporation, which accepts

7  credit cards for the transaction of business, from requesting the cardholder to provide personal

8  identification information which the corporation then records in conjunction with a credit card

9  transaction.

10      31.    Defendant is a corporation that accepts credit cards for the transaction of business.

11  During credit card transactions entered into at Defendant's stores on each and every day during

12  the one-year period preceding the filing of this class action complaint through the present,

13  Defendant utilized, and continues to utilize, an "Information Capture Policy" whereby

14  Defendant's cashiers both request and record zip codes and credit card numbers from customers

15  using credit cards at the point-of-sale in Defendant's retail establishments.

16      32.    It is and was Defendant's routine business practice to intentionally engage in the

17  conduct described in this cause of action with respect to every person who, while using a credit

18  card, purchases any product from any of Defendant's stores in the State of California.

19  Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil

20  penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California

21  Civil Code section 1747.08(e).

22      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

23  **PRAYER FOR RELIEF**

24      1.    That the Court certifies this action as a class action appointing Plaintiff as the

25  Class Representative and Plaintiff's counsel as Class counsel;

26      2.    For an award to Plaintiff and to each member of the Class the civil penalty to

27  which he or she is entitled under California Civil Code section 1747.08(e);

28  ///

STONEBARGER LAW
A Professional Corporation

7
CLASS ACTION COMPLAINT

3.   For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

4.   For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

5.   For costs of the suit;

6.   For prejudgment interest at the legal rate;

7.   And for such other relief as the Court may deem proper.

Dated: May 17, 2011                    STONEBARGER LAW, APC

By: _____

Gene J. Stonebarger
Richard D. Lambert
Attorneys for Plaintiff and the Class

STONEBARGER LAW
A Professional Corporation

8
CLASS ACTION COMPLAINT



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2011-00091660-CU-PO-CTL        CASE TITLE: Morey vs. Louis Vuitton North America Inc

NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

Mediation:  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

Settlement Conference:  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

Arbitration:  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Page 15
Exhibit 1

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Deanna Morey |
|---|

| DEFENDANT(S): Louis Vuitton North America Inc |
|---|

| SHORT TITLE: MOREY VS. LOUIS VUITTON NORTH AMERICA INC |
|---|

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2011-00091660-CU-PO-CTL |
|---|---|

Judge: Lisa Foster                                                          Department: C-60

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                   ☐ Non-binding private arbitration

☐ Mediation (private)                           ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                  ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                          Date: _____

_____                          _____
Name of Plaintiff                                        Name of Defendant

_____                          _____
Signature                                                Signature

_____                          _____
Name of Plaintiff's Attorney                             Name of Defendant's Attorney

_____                          _____
Signature                                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 05/23/2011 _____          _____
                                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION           Page: 1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 450-7060

PLAINTIFF(S) / PETITIONER(S):   Deanna Morey

DEFENDANT(S) / RESPONDENT(S):  Louis Vuitton North America Inc

MOREY VS. LOUIS VUITTON NORTH AMERICA INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2011-00091660-CU-PO-CTL |
|---|---|

Judge:  Lisa Foster                                          Department: C-60

COMPLAINT/PETITION FILED: 05/20/2011

CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL
REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH
THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION
FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC
FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN
PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have
    requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small
    claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship,
    juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named
    defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff
    may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local
    Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request
    default within 45 days of the filing of the Certificate of Service.  (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the
    complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING
VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE
MANAGEMENT CONFERENCE.  PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE
DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION.  IF THE CASE IS ORDERED TO ARBITRATION
PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT
PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION
FORM (SDSC FORM #CIV-730)