UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA MOREY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOUIS VUITTON NORTH AMERICA, ) <br> INC., ) <br> ) <br> Defendant. ) <br> _____ ) | Civil No. 11cv1517-L(BLM) <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

On July 8, 2011 Defendant filed a notice of removal, removing this putative class action under California Civil Code Section 1747.08 pertaining to a merchant's request from customers for personal identification information. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. Sections 1332 and 1441.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992);

*see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 F.3d at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

This putative class action was removed based on diversity jurisdiction under 28 U.S.C. Section 1332(d). "Section 1332(d), added by [Class Action Fairness Act of 2005, "CAFA"], vests the district court with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." *Id*. at 680 (footnote omitted).

The burden of establishing removal jurisdiction, including the amount in controversy requirement under CAFA, is on the defendant. *Abrego Abrego*, 443 F.3d at 682-85. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Plaintiff's complaint does not specify the amount of damages sought. (Notice of Removal Exh. 1.) "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v.*

*Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

The class includes "all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction." (Compl. at 5.) Plaintiff seeks recovery for the class under California Civil Code Section 1747.08(e), which provides for "a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation." Defendant contends that the $5 million amount in controversy is met in this case because in the one-year period prior to the filing of this action Defendant "processed substantially in excess of 5,000 credit card transactions at retail locations in California." (Decl. of Kathryn Kolanda at 2; *see also* Notice of Removal at 3.) This argument appears to be based on the assumption that each putative class member will recover $1,000. This assumption is unsupported because neither the allegations in the complaint nor notice of removal nor Defendant's evidence indicate that any class member was subject to more than one violation.

Accordingly, the facts presented in the notice of removal do not meet the burden of establishing removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: July 11, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL