Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
Elaine W. Yan, State Bar No. 277961
eyan@stonebargerlaw.com
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

James R. Patterson, State Bar No. 211102
jim@pattersonlawgroup.com
Allison H. Goddard, State Bar No. 211098
ali@pattersonlawgroup.com
PATTERSON LAW GROUP
A Professional Corporation
402 W. Broadway, 29th Floor
San Diego, CA 92101
Telephone (619) 398-4760
Facsimile (619) 756-6991

*Attorneys for Plaintiff Deanna Morey and the Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEANNA MOREY, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS VUITTON NORTH AMERICA, INC., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:11-cv-01517-L-BLM<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Deanna Morey, on behalf of herself and all others similarly situated ("Plaintiff"), complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through her attorney, as follows:

/ / /

/ / /

**FIRST AMENDED CLASS ACTION COMPLAINT**

**I.     INTRODUCTION**

1. California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may not collect personal identification information from a customer paying for goods with a credit card.

2. Defendant operates retail stores throughout the United States, including California. Defendant was, and is, engaged in a pattern of unlawful business practices whereby it utilizes a customer information capture card which contained preprinted spaces for credit card customers to write their respective: (i) name; (ii) email address; (iii) address (including ZIP code); (iv) birth date; (iv) home telephone number; and (v) mobile telephone number. It was, and is, Defendant's policy and practice to request credit card customers to write their respective personal identification information upon the customer information capture card in the form of their: (i) names; (ii) email addresses; (iii) addresses; (iv) birth dates; (iv) home telephone number; and (v) mobile telephone number, and to subsequently enter such information into its electronic customer database at the point-of-sale. Defendant's acts and practices as herein alleged were at all times intentional.

3. This action arises from Defendant's violations of California Civil Code section 1747.08, by and through Defendant's collection of Plaintiffs' and Class members' personal identification information in conjunction with credit card transactions, during the point-of-sale process at Defendant's retail establishments during the period of time beginning May 23, 2010 and continuing through the present (herein referred to as the "Liability Period" or "Class Period").

4. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. The action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

/ / /

/ / /

-1-

**FIRST AMENDED CLASS ACTION COMPLAINT**

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which greater than two-thirds of the Class members are citizens of states different from Defendant.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because Defendant:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

(b) does substantial business in this district; and

(c) is subject to personal jurisdiction in this district.

## III. THE PARTIES

### A. **Plaintiff**

7. Plaintiff Deanna Morey is a resident of California. During the Liability Period, Plaintiff purchased merchandise at one of Defendant's stores located in California with a credit card and had her personal identification information collected by Defendant in conjunction with the credit card transaction. Specifically, Defendant provided Plaintiff with a customer information capture card which contained preprinted spaces for Plaintiff to write her: (i) name; (ii) email address; (iii) address (including ZIP code); (iv) birth date; (iv) home telephone number; and (v) mobile telephone number. At Defendant's request, while standing at the point-of-sale, Plaintiff wrote her personal identification information upon the customer information capture in the form of her: (i) name; (ii) email address; (iii) address; (iv) birth date; (iv) home telephone number; and (v) mobile telephone number. Plaintiff is informed and believes, and on that basis alleges, that the information provided by Plaintiff was subsequently entered by Defendant into an electronic customer database at the point-of-sale.

8. Plaintiff brings this class action against Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all persons from whom Defendant

-2-
**FIRST AMENDED CLASS ACTION COMPLAINT**

1 collected personal identification information in conjunction with a credit card purchase
2 transaction at a California retail store during the period of time beginning May 23, 2010 and
3 continuing through the date of trial (herein referred to as the "Class").  Excluded from the Class
4 definition are any specific transactions wherein a credit card issued to a business was used, or
5 any specific transactions that involved shipping, delivery, servicing, installation or for a special
6 order.   Also excluded from the Class are Defendant, its corporate parents, subsidiaries and
7 affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the
8 legal representatives, successors or assigns of any such excluded persons or entities.

      **B.**    **Defendant**

10       9. Louis Vuitton North America, Inc. (herein referred to as "Defendant") is a
11 Delaware corporation with its principal place of business in New York.

12 **IV.**    **CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

13       10. As specified in Paragraph 7 above, during the Liability Period, Plaintiff conducted
14 a transaction with Defendant which did not involve mail order, shipping or cash advances.

15       11. However, as part of Defendant's Information Capture Policy, and in conjunction
16 with the credit card sales transaction, Defendant provided Plaintiff with a customer information
17 capture card which contained preprinted spaces for Plaintiff to write her: (i) name; (ii) email
18 address; (iii) address (including ZIP code); (iv) birth date; (iv) home telephone number; and (v)
19 mobile telephone number.

20       12. At Defendant's request, while standing at the point-of-sale, Plaintiff wrote her
21 personal identification information upon the customer information capture in the form of her: (i)
22 name; (ii) email address; (iii) address; (iv) birth date; (iv) home telephone number; and (v)
23 mobile telephone number.

24       13. Plaintiff is informed and believes, and on that basis alleges, that the information
25 provided by Plaintiff was subsequently entered by Defendant into an electronic customer
26 database at the point-of-sale.

27       14. Defendant's conduct as alleged herein expressly violated California Civil Code
28 section 1747.08.  California Civil Code section 1747.08(a) provides, in relevant part, that:

-3-
**FIRST AMENDED CLASS ACTION COMPLAINT**

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall . . .
>
> (1) *Request*, or require as a condition to accepting the credit card as payment in full or in part for goods or services, *the cardholder to write any personal identification information upon the credit card transaction form or otherwise.*
>
> (2) *Request*, or require as a condition to accepting the credit card as payment in full or in part for goods or services, *the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.*
>
> 3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder. (Emphasis added).

15. California Civil Code section 1747.08(b) further provides that "For purposes of this section, 'personal identification information' means information concerning the cardholder, *other than information set forth on the credit card*, and *including, but not limited to*, the cardholder's address and telephone number" (emphasis added).

16. California Civil Code section 1747.08(c) provides that the prohibition against collecting personal identification information in connection with credit card transactions does not apply if the credit card is being used as a deposit to secure payment in the event of default, loss, damage or other similar occurrence; for cash advance transactions; if the retailer is contractually obligated to provide personal identification information in order to complete the credit card transaction or is obligated to collect and record the personal identification information by federal law or regulation; or if personal identification information is required for any special purpose incidental but related to the credit card transaction, such as for information related to shipping, delivery, servicing, installation or for a special order. Plaintiff's transaction, as alleged herein, did not involve any of the exceptions under California Civil Code section 1747.08(c).

17. Liability under California Civil Code section 1747.08 is established simply by collecting personal identification information from a customer paying by credit card. *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal.4th 524, 528 (2011); *see also Florez v. Linens 'N Things, Inc.,* 108 Cal.App.4th 447, 451-453 (2003).

/ / /

-4-
**FIRST AMENDED CLASS ACTION COMPLAINT**

18. There is no exception under California Civil Code section 1747.08 for marketing or advertising purposes. To the contrary, California Civil Code section 1747.08 was specifically enacted to address "the misuse of personal identification information for, inter alia, marketing purposes." *Pineda*, 51 Cal.4th at 532 (*citing Absher v. AutoZone, Inc.,* 164 Cal. App. 4th 332, 345 (2008)).

19. Indeed, California Civil Code section 1747.08 is violated "even if the consumer's response was voluntary and made only for marketing purposes." *Florez,* 108 Cal.App.4th at 453.

20. The penalty for violating California Civil Code section 1747.08 is up to two-hundred fifty dollars ($250) for the first violation and up to one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action under this statute by, *inter alia*, the person paying with the credit card.

## V. PLAINTIFF'S CLASS ALLEGATIONS

21. This lawsuit is brought on behalf of an ascertainable statewide class pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of all persons from whom Defendant collected personal identification information in conjunction with a credit card purchase transaction at a California retail store during the period of time beginning May 23, 2010 and continuing through the date of trial (herein referred to as the "Class"). Excluded from the Class are any specific transactions wherein a credit card issued to a business was used, or any specific transactions that involved shipping, delivery, servicing, installation or for a special order. Also excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

22. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood

-5-
**FIRST AMENDED CLASS ACTION COMPLAINT**

1  of individual Class members prosecuting separate claims is remote and individual Class
2  members do not have a significant interest in individually controlling the prosecution of separate
3  actions.  Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the
4  Class as a whole would be appropriate.  Plaintiff is not aware of any difficulty to be encountered
5  in the management of this action which would preclude its maintenance as a class action.  There
6  is a well-defined community of interest among the members of the Class because common
7  questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class,
8  and Plaintiff can fairly and adequately represent the interests of the Class.

9      24.    Common questions of law and fact exist as to all members of the Class and
10  predominate over any questions affecting solely individual members of the Class.  Among the
11  questions of law and fact common to the Class are:

12      (a)    whether each Class member engaged in a credit card transaction with
13  Defendant;

14      (b)    whether Defendant collected personal identification information from the
15  cardholder in conjunction with credit card transactions with Class members;

16      (c)    whether Defendant's conduct of collecting personal identification
17  information from the cardholder in conjunction with credit card transactions constitutes
18  violations of California Civil Code section 1747.08; and

19      (d)    whether Plaintiff and the Class are entitled to civil penalties, and the
20  proper amount of civil penalties to be paid to Class members.

21      25.    Plaintiff's claims are typical of those of the other Class members because Plaintiff,
22  like every other Class member, was exposed to virtually identical conduct and are entitled to
23  civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to
24  California Civil Code section 1747.08(e).

25      26.    Plaintiff can fairly and adequately represent the interests of the Class, she has no
26  conflicts of interest with other Class members, and has retained counsel competent and
27  experienced in class action and civil litigation.
28  ///

-6-
**FIRST AMENDED CLASS ACTION COMPLAINT**

**CAUSE OF ACTION FOR VIOLATIONS OF
CALIFORNIA CIVIL CODE § 1747.08
[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

27. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 26 of this Complaint.

28. California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from collecting personal identification information from cardholders in conjunction with a credit card transaction.

29. Defendant is a corporation that accepts credit cards for the transaction of business. During credit card transactions entered into at Defendant's stores during the Liability Period, Defendant utilized customer information capture cards which contained preprinted spaces for Plaintiff and members of the Class to write their respective: (i) names; (ii) email addresses; (iii) addresses (including ZIP code); (iv) birth dates; (iv) home telephone numbers; and (v) mobile telephone numbers.  It was, and is, Defendant's policy and practice to request credit card customers, while standing at the point-of-sale in conjunction with credit card transactions, to write their personal identification information upon the customer information capture card in the form of their: (i) names; (ii) email addresses; (iii) addresses; (iv) birth dates; (iv) home telephone number; and (v) mobile telephone number, and to subsequently enter such information into its electronic customer database at the point-of-sale.

30. It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to customers who, while using a credit card, purchased products from Defendant's stores in the State of California during the Liability Period.  Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

/ / /

/ / /

/ / /

-7-
**FIRST AMENDED CLASS ACTION COMPLAINT**

## VI. PRAYER FOR RELIEF

PLAINTIFF AND THE CLASS pray for judgment against Defendant as follows:

1. That the Court certifies this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. That the Court award to Plaintiff and to each member of the Class the civil penalty to which she is entitled under California Civil Code section 1747.08(e);

3. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

4. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine;

5. For costs of the suit;

6. For prejudgment interest at the legal rate;

7. And for such other relief as the Court may deem proper.

DATED:  August 17, 2012               STONEBARGER LAW, APC

By  */s/ Gene J. Stonebarger*
Gene J. Stonebarger
gstonebarger@stonebargerlaw.com
Attorneys for Plaintiff Deanna Morey
and the Class

-8-
**FIRST AMENDED CLASS ACTION COMPLAINT**